FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO JUN -7 PM 3: 37



VERONICA MAAS LING
Plaintiff,

vs.                                             No. <u>CIV-96-1772 MV/JHG</u>

MARTY BRACHFELD, d/b/a/
LAW OFFICES OF BRACHFELD &
SHEPPARD.
Defendant.

## DEFENDANT'S REQUESTED FINDINGS OF FACT

Defendant Marty Brachfeld, requests the Court, pursuant to the provisions of Rule 50, Rules of Court Procedure for United States District Courts, to make the following as Findings of Fact:

1. The Court previously entered its Partial Summary Judgment determining that Defendant violated 11 U.S.C. §1692(a) as a result of actions by his employees.

2. Defendant did not personally participate in the particular actions which are the subject of Plaintiff's Complaint, and Plaintiff did not show that he was aware of these actions until after filing of the Complaint.

3. The violations, performed by Defendant's employees toward Plaintiff, were infrequent and not persistent.

4. At the time of the alleged violations, Plaintiff was employed, as a collector, by a consumer collection agency and she was familiar with practices and tactics of telephone collectors; Plaintiff was also

familiar with practical limitations on the ability of out-of-state collection agencies to collect delinquent accounts.

5. Plaintiff, as part of her employment, received training as to the rights of consumers created by the Fair Debt Collection Practices Act, and was aware of such rights.

6. After receiving the telephone calls from Defendant's employees, Plaintiff discussed the telephone calls and the fact of her delinquent account with her husband and with her mother, and they became "involved" in the activity.

7. If Plaintiff suffered emotional distress because of telephone calls from Defendant's employees, such emotional distress was exacerbated and increased by the involvement of Plaintiff's husband and mother in the discussions.

8. Plaintiff's emotional distress was to a large extent, the result of embarrassment by the fact that she owed a debt to Household Financial, Inc., and was unable to pay it.

9. All of the activities of Defendant's employees occurred outside the state of New Mexico.

10. Plaintiff suffered no loss of property or money as the result of the activities of Defendant's employees.

## DEFENDANT'S REQUESTED CONCLUSIONS OF LAW

Defendant, Marty Brachfeld, requests the Court to make the following as Conclusions of Law, pursuant to the provisions of Rule 50, Rules of Civil Procedure for United States District Courts:

1 The violations of the Fair Debt Collection Practices Act were not egregious, and Plaintiff's statutory damages are limited to $1,000.00 but, since the violations are neither persistent nor frequent, Plaintiff's statutory damages should be substantially less than the $1,000.00 limit.

2. Because Plaintiff contributed to her emotional distress by involving her husband and mother in the discussions of the problems, and these individuals magnified Plaintiff's emotional distress by criticizing

2

her for not having handled the delinquent account before it reached the collection stage, it is extremely difficult to separate Plaintiff's damages arising from Defendant's activities from those created by the involvement of her mother and husband, and Plaintiff should not be awarded damages for emotional distress..

3. The content of Defendant's communications to Plaintiff were not, in themselves, violative of the Fair Debt Collection Practices Act and were not the cause of Plaintiff's emotional distress and an award of damages cannot rest on the content of these calls.

4 As an experienced collector, Plaintiff was sufficiently sophisticated that she was neither intimidated nor distressed by Defendant's attempts to collect the indebtedness and she is not entitled to actual damages.

5. Since Plaintiff lost no money or property because of Defendant's alleged violations of the New Mexico Unfair Practices Act, she is not entitled to statutory or other damages under that Act.

Respectfully Submitted:

Louis J. Vener, P.C.

By: _____
Louis J. Vener
Attorney for Defendant
Post Office Box 25724
Albuquerque, New Mexico 87125-5724
Telephone: (505) 243-8000

**Certificate of Mailing**
I certify that on June 7th, 2000,
I mailed a copy of the foregoing
Defendant's Requested Findings of Fact
and Conclusions of Law to Susan M. Warren,
Attorney for Plaintiff.

_____
Louis J. Vener