IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VERONICA MAAS LING

    Plaintiff,

vs.                                                  No. CIV 96-1772 MV/JHG

MARTY BRACHFELD, d/b/a/
LAW OFFICES OF BRACHFELD &
SHEPPARD.

    Defendant.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT

**THIS MATTER** is before the Court on a bench trial held June 23, 2000. The Court having considered the pleadings, trial testimony, exhibits, relevant law, and being otherwise fully informed, makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1.    In a Memorandum Opinion and Order, dated July 16, 1999, this Court made eighteen (18) findings of fact in granting Plaintiff's Motion for Partial Summary Judgment. In addition to those findings of fact, The Court makes the following findings.

2.    Ms. Ling suffered actual damages due to Defendant's violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), consisting of emotional distress, mental anguish, inconvenience, humiliation, and embarrassment, in the amount of $8,500.

3.    Defendant's violations of the FDCPA were frequent and persistent.

4. The nature of Defendant's noncompliance with the FDCPA was egregious, especially given that Defendant is an attorney.

5. To a large extent, Defendant's noncompliance with the FDCPA was intentional.

6. Ms. Ling did not suffer any loss of money or property as a result of Defendant's violations of the New Mexico Unfair Practices Act ("UPA").

7. Defendant willfully engaged in the actions which violated the UPA.

### CONCLUSIONS OF LAW

1. In the Court's Memorandum Opinion and Order, dated July 16, 1999, this Court held that Defendant had violated the Federal Fair Debt Collection Practices Act ("FDCPA") in four different ways. The Court also held that Defendant violated the New Mexico Unfair Practices Act ("UPA") by misrepresenting the identity of a debt collector through the use of an alias and an accent.

2. Emotional distress, mental anguish, inconvenience, humiliation and embarrassment are compensable items of damage for violations of the FDCPA. *McGrady v. Nissan Motor Acceptance Corp.*, 1998 WL 897014 (M.D. Ala., Nov. 2, 1998); *Smith v. Law Office of Mitchell N. Kay*, 124 B.R. 182 (D.Del. 1991); *Bingham v. Collection Bureau, Inc.,* 505 F. Supp. 864 (D.N.D. 1981).

3. Considering the factors outlined in 15 U.S.C. §1692k(b), the Court holds that Defendant's violations of the FDCPA were frequent and persistent; the nature of Defendant's noncompliance with the FDCPA was egregious, especially given that Defendant is an attorney; and to a large extent, Defendant's noncompliance with the FDCPA was intentional, entitling Ms.

Ling to an award of $800.00 in statutory damages. *Cacace v. Lucas,* 775 F. Supp. 502 (D.Conn. 1990); *Miele v. Sid Bailey, Inc.*, 192 B.R. 611 (S.D.N.Y. 1996).

   4. Although Ms. Ling did not suffer any loss of property or money due to Defendant's violations of the UPA, Ms. Ling is entitled to statutory damages in the amount of $100.00. N.M.S.A. 57-12-10 (1978, as amended); *Page & Wirtz Construct. Co. v. Solomon,* 110 N.M. 206, 211-212; 794 P.2d 349 (1990).

   5. Because Defendant's violations of the New Mexico Unfair Practices Act were willful, Ms. Ling is awarded treble the amount of the statutory damages. N.M.S.A. 57-12-10(B)(1978, as amended).

## FINAL JUDGMENT

  **WHEREFORE,**

  **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiff Veronica Maas Ling is granted Judgment against Defendant Marty Brachfeld as follows:

    **Actual Damages Under FDCPA:** **$8,500.00**

    **Statutory Damages Under FDCPA: $800.00**

    **Statutory Damages Under the UPA: $100.00 (trebled to $300.00)**

  **DATED** this 28th day of July, 2000.

              _____
              MARTHA VÁZQUEZ
              U. S. DISTRICT JUDGE

Counsel for Defendant:

Louis Vener

<u>Counsel for Plaintiff</u>
Susan Warren