IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VERONICA MAAS LING,

    Plaintiff,

vs.                                                                                                                               No. CIV 96-1772 MV/JHG

MARTY BRACHFELD, d/b/a/
LAW OFFICES OF BRACHFELD &
SHEPPARD.

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorney's Fees and Costs pursuant to the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the New Mexico Unfair Practices Act, ("UPA") N.M.S.A. §57-12-1 *et seq*. **[Doc. No. 113]**, filed August 9, 2000. Plaintiff seeks attorney fees and costs in the total amount of $17,491.51. The Court having reviewed the motion and relevant law finds that Plaintiff's motion is well taken and the entire amount requested shall be awarded without any reduction.

## DISCUSSION

Plaintiff brought this suit against Defendant for violation of the FDCPA and UPA regarding Defendant's illegal debt collection activity. The Court granted Plaintiff partial summary judgment finding that the Defendant had violated both statutes. After a trial on damages, the Court awarded Plaintiff $8,500 in actual damages and $800 in statutory damages for Defendant's violations of the FDCPA. The Court also awarded Plaintiff $100 in statutory damages for violation of the UPA and trebled these damages, finding that the violations were willful. Plaintiff

now moves for attorney's fees and costs pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(3), and the UPA, NMSA § 57-12-10(C).  Defendant has filed no response or opposition to Plaintiff's motion.  Pursuant to District of New Mexico Local Civil Rule 7.3(b)(4) the failure to respond to a post-judgment motion constitutes consent to grant the motion.  Accordingly, the Court need not engage in a lengthy analysis regarding the propriety of attorney's fees and costs, but merely holds that such an award is appropriate under both the FDCPA and the UPA.  *See* 15 U.S.C. § 1692k(a)(3); NMSA §57-12-10(C).

An award of attorney's fees is determined under the "lodestar" method by the multiplication of the reasonable number of hours expended times the reasonable hourly rate.  *See Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d 1436, 1441 (3rd Cir. 1988). To determine the hours Plaintiff's counsel reasonably expended pursuing this action, the Court must examine the reasonableness of total time reported by counsel and the time allotted to specific tasks.  *Ramos v. Lamm*, 713 F.2d 546, 553-54 (10th Cir. 1983).  "It does not follow that the amount of time actually expended is the amount of time reasonably expended." *Ramos*, 713 F.2d at 553 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891(D.C. Cir. 1980) (en banc)). To satisfy this burden, "[p]laintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended, but at least counsel should identify the general subject matter of his time expenditure." *Hensley*, 461 U.S. at 437 n.12.  However, "the party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended [and] the nature and need for the service . . . ." *Id*. at 441 (Burger, C.J., concurring).  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id*. at 434; *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d at 324 (court

may reduce number of hours awarded if documentation is vague or incomplete).  After reviewing counsel's detailed account of hours spent on this matter, the Court finds that Plaintiff's counsel reasonably spent 106 hours on this case.  A reasonable hourly rate should reflect the prevailing rate charged by other lawyers in the community in similar cases.  Plaintiff requests attorney fees in the amounts of $150 per hour for Susan Warren, Esq. and $200 per hour for Richard Feferman, Esq.  After considering counsel's performance in this case, the supporting affidavit, and the hourly rate awarded to counsel by other courts in the District of New Mexico, the Court concurs that the appropriate hourly rate for Susan Warren, Esq. is $150, while the reasonable hourly rate for Richard Feferman, Esq. is $200.  The Court further finds that the bill of costs submitted by counsel is reasonable and appropriate.  Accordingly, the Court orders that Plaintiff shall be awarded reasonable attorney's fees in the requested amount of $15,481.  Plaintiff shall further be awarded reasonable costs as requested in the amount of $1,124.09.  The total amount awarded to Plaintiff, including tax is $17,491.51.

**WHEREFORE,**

**IT IS HEREBY ORDERE**D that Plaintiff's Motion for Attorney's Fees and Costs **[Doc. No. 113]** is **GRANTED** and Plaintiff is awarded attorney's fees and costs in the total amount of $17,491.51.

**DATED** this 29th day of September, 2000.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Counsel for Defendant:
Louis Vener

Counsel for Plaintiff:
Susan Warren